KNOLL, J.,
dissents.
hi respectfully dissent and would affirm the Court of Appeal’s holding, as I find Louisiana law, La. R.S. § 46:236.1, et seq., and the corresponding federal Title IV-D, 42 U.S.C. § 651 et seq., were not designed to provide the payor parent an additional forum to seek reduction in child support where the services of the Department of Child and Family Services (DCFS) have not been previously sought. As conceded by the majority, the federal IV-D program was created within the context of providing welfare to needy families and assisting the payee in collecting owed child support. 42 U.S.C. § 651 provides authorization of federal appropriations for state programs as follows:
For the purpose of enforcing the support obligations owed by noncustodial parents to their children and the spouse (or former spouse) with whom such children are living ... obtaining child and spousal support, and assuring that assistance in obtaining support will be available to all children (whether or not eligible for a state program funded un *1261 der part A of this subehapter) for whom such assistance is requested ...

Id.

| gLikewise, Louisiana’s relevant statutes are contained under a Subpart entitled “Child Support Enforcement,” a title which connotes compelling compliance with child support laws where necessary (emphasis added). La. R.S. § 46:236.1. The plaintiff correctly notes Louisiana’s authorizing statute contains a provision with broad language which, if read by itself, suggests any individual may apply for services with the State. La. R.S. § 46:236.1.2 (“In addition, as required by federal law, the department shall provide the above services to any individual including absent or noncustodial parents not otherwise eligible for such services as provided for in Subsection A upon receiving an application from such individual ... ”). However, considering the Sub-part’s title, when read in pañ materia with La. R.S § 46:236.2, it is apparent there was no intention on the part of the Legislature to require this welfare program be extended to civil obligors like Joseph Boudreaux as a chance to forum shop.
La. R.S. § 46:236.2, entitled “Amendment of Support Orders,” provides in pertinent part:
A. (1) The department or district attorney may, by a written motion together with a written certification from the department that support enforcement services are being furnished to the individual, to the current caretaker of any individual receiving support benefits, or to the payor of any support benefits for such individual, obtain an order to require any person under an order to support such individual or caretaker to make such support payments payable to the department.

Id.

The majority points out the Legislature’s addition of the phrase “or to the payor of any support benefits for such individual” in 1999 in support of its holding. However, there is no indication this language allows an obligor such as Mr. Boudreaux to unilaterally seek the Department’s intervention for the purposes of amending a District Court judge’s child support order where the Department has played no prior role. Although the majority finds this to be a “flawed interpretation” rendering meaningless the amendment expressly adding “payor,” I |3strongly disagree. Rather I find that, by adding “payor of any support benefits to such individual,” this language clearly allows the payor to seek an amendment to the order in cases where DCFS’s support enforcement services are already being utilized. As this provision previously did not allow the pay- or to seek an amendment to the support order, this change in the law has meaning even if it does not apply in Mr. Bou-dreaux’s case.
Far from being “hyper-technical” as asserted by the majority, the requirement that DCFS or the District Attorney certify support enforcement services are being furnished functions to prevent exactly the situation before us, in which the DCFS is utilized in a forum-shopping effort not in the best interest of the child. If, as the majority suggests, support enforcement services “are being furnished ” by definition anytime DCFS or the District Attorney intervenes at a party’s request, then the certification is meaningless. The Court of Appeal correctly noted the State was providing no support enforcement services to assist Ms. Boudreaux or to. otherwise enforce Mr. Boudreaux’s child support obligation prior to Mr. Bou-dreaux’s application to the DFCS.
In reaching its holding, the Court of Appeal relied on a Third Circuit decision *1262 which found a mere certification of provision of support enforcement services, if in error, does not give the -DCFS the right to intervene in child support proceedings. Barnes v. Barnes, 07-0027 (La.App. 3 Cir. 5/2/07), 957 So.2d 251. As explained above, the certification is a meaningful prerequisite for the State’s intervention in this case, absent which the State’s intervention is not appropriate. Thus, the lower court correctly found DCFS “has no legitimate interest in intervening in this action to amend an order of support so that payments are made through .the State.”
Mr. Boudi'eaux did not mérely utilize the collection services of the department in a good faith effort to decrease animosity between the parties. Rather, 14he sought a second opinion in an effort'to reduce his child support obligation. If he felt Jennifer’s remarriage constituted a change in circumstances, he could have filed a motion with the District Court, allowing the judge who had heard the entire ease to make a determination. DCFS, the District Attorney, and the courts of this state “have the affirmative responsibility to act in the best interest of the individual [in this case, the child] on whose behalf action is taken.” La. R.S. 46:236.1.9. Here, the child’s best interests are not served by DCFS’s intervention in the matter. Thus, I respectfully dissent and would affirm the Court of Appeal’s decision.